**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> ELIAS CABALLERO-GONZALEZ, <br><br> Defendant-Appellant. | No. 17-50087 <br><br> D.C. No. 3:10-cr-01579-JM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Submitted July 11, 2017[**]

Before:    CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Elias Caballero-Gonzalez appeals from the district court's judgment and

challenges the 10-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Caballero-Gonzalez contends that the district court procedurally erred by

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

failing to respond to his sentencing arguments and explain the sentence adequately. We review for plain error, *see United States v. Valencia-Barragan,* 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered Caballero-Gonzalez's arguments and sufficiently explained its reasons for imposing the sentence. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc). Furthermore, the record belies Caballero-Gonzalez's contention that the district court impermissibly imposed the custodial sentence in order to promote his rehabilitation in violation of *Tapia v. United States,* 564 U.S. 319 (2011). Rather, the record reflects that the district court granted Caballero-Gonzalez's request to complete residential drug treatment upon his release from custody, and invited probation to seek a sentence modification if it appeared that Caballero-Gonzalez's admission to the facility would be delayed.

Caballero-Gonzalez next contends that the sentence is substantively unreasonable. The significantly below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**

17-50087